## DAVIS v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 8723.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1938.

E. C. Johnson, of Tampa, Fla., for appellant.

R. W. Shackleford, of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is from the dismissal on demurrer of one count of appellant's suit concerning a health and accident insurance and a judgment against her on the other count after overruling her demurrer to pleas thereto and her refusing to reply to them.

The count which was stricken on demurrer alleges that E. F. Davis, plaintiff-appellant's deceased husband, applied in writing for a policy and exhibited the application containing this: "Do you agree that this application shall not be binding upon the Association until accepted by the Association, nor until policy is accepted by the insured while in good health and free from injury? Yes"; that a sum of money was paid and a receipt given which said: "Should the Company decline to issue the insurance applied for, I do hereby agree to return the above sum to said applicant," signed by the insurance agent. The receipt further stated: "This pays your insurance from date on which policy is issued and delivered until

Dec. 1st, 1931"; that the application and money were sent to the home office in another state on August 27, 1931; that on September 5th her husband wrote the home office a letter which stated the making of the application and payment of the deposit, and continued: "I have never received your policy or heard any more from your representative. I think you have had ample time to either forward my policy or reject the application and forward me my deposit"; that this was answered by a letter which stated that some error had occurred, as the association had no record of receiving the application, and that his letter was being forwarded to the branch office for attention and concluded: "Assuring you that it will be taken care of to your satisfaction, we are"; that in fact the application had been received and a different policy from that applied for was issued and sent the branch office two days later, on September 11th, with the intention that an effort should be made to get applicant to accept it; but that before it was presented to him he on September 15th was killed in a manner that entitled her to recover under the policy first applied for. It was alleged that her husband, because of the association's false letter, relied on its handling the matter to his satisfaction and did not get other insurance as he could and would otherwise have done. It was thereupon averred that the association was estopped to deny that it had accepted the application and delivered the policy as applied for.

Recovery is thus sought on a policy which the association never issued or agreed to issue, and which the insured never accepted, although the application stated that it should not be binding until the policy was issued and accepted by the insured while in good health and free from injury. It is made clear that the association refused to issue the policy applied for but hoped to get the insured to take another kind. No agreement was ever reached. There is no basis for a contract by estoppel. The association did nothing to lead Davis to believe he was insured. Its only representation of fact was: "Evidently some error has occurred, as we have no record of having received it," meaning evidently his application. That would not justify him in thinking he was insured. The promise which followed: "It will be taken care of to your

satisfaction," in connection with his letter, could mean only that the association would either give him a policy or return his money as he had demanded. If, as is argued, retention of premium money for a long time in silence may sometimes authorize an inference of acceptance of an application and give a right to have the policy, such an inference could not be reached here because the time was not unreasonably long; the whole premium had not been paid; the association was not silent, but was saying that it had not acted and promising an early decision. There was no insurance by estoppel.

The other count alleged that the agent in taking the application had agreed for the association that, in consideration of the money paid, Davis was insured under the form of policy applied for from that date, and that the policy would in due course be delivered to him. The same application form and receipt for money above set forth were exhibited. Death while the oral agreement was of force is alleged. The pleas, demurrer to which was overruled, set up the written agreement contained in the application that there should be no insurance unless and until the application was accepted by the association and the policy by the insured; that the insured followed an occupation which made him ineligible to insurance under the form of policy applied for, and his application was in his lifetime rejected but another policy at a higher premium and with less benefits was issued to be offered to him, but Davis died before it was presented. It was also pleaded that the terms of the application put Davis on notice that the soliciting agent had no power to make a parol contract of insurance and estopped Davis from so claiming.

The authority of the agent to make a contract for the association is very doubtfully alleged in this count. Perhaps, however, under the liberal rule as to pleading a contract made through an agent announced in Pacific Mutual Ins. Co. v. Barton, 5 Cir., 50 F.2d 362, the count as to this point is sufficient to prevent visitation upon it of the demurrer to the pleas. But, aside from the question of the authority of the agent, the general question remains: Do the facts asserted in the count and undenied by the pleas, in connection with the untraversed facts stated in the pleas, make a case for recovery? Do they show that there was a present insurance undertaken for the money paid, or not? The declaration says that in consideration of the money paid on July 25, 1931, the agent agreed (orally, as the briefs concede) that Davis was protected and insured as under form 52 policy from that date until December 1, 1931. The writing issued and signed by the agent and accepted by Davis says that the same money paid on the same day "pays your insurance from date on which policy is issued and delivered until Dec. 1st, 1931," and "Should the Company decline to issue the insurance applied for, I do hereby agree to return the above sum." No fraud or mistake is pleaded. We must take the exhibited writings, which are expressly made a part of the declaration, as stating the true contract. Money to be held until a policy is issued and delivered, and to pay insurance from that date until December 1st, and if none is issued and delivered to be returned intact, cannot be considered as paid for ad interim insurance. The receipt, confirmed by the agreement in the written application, is not a mere receipt for money, but embodies a contract about its disposition. It must be taken when unattacked as the whole agreement of the parties on the subject, and it does not support the plaintiff's case.

Judgment affirmed.